# EXHIBIT A

# NON-DISCLOSURE AGREEMENT

THIS AGREEMENT is made and entered into effective as of __1/22/20__, by and between Camac Partners LLC, a Delaware corporation whose principal place of business is located at 350 Park Avenue 13th Floor, New York, NY 10022 ("Client"), and ____ILKB, LLC____ ("____ILKB____"), a _limited liability company_ whose principal place of residence is located at _1844 Lansdowne Avenue Merrick, NY 11566_ Client and Company may be referred to herein as a "Party" or collectively, as the "Parties".

WHEREAS, in connection with exploring and analyzing a business opportunity of mutual interest ("Purpose"), each party wishes to provide the other party with material non-public information relating to the Purpose which may include investment techniques, actual or anticipated strategies, future initiatives, data and methodology information (the "Confidential Information"). Neither Party wishes to lose the confidentiality of or diminish its rights in its Confidential Information; therefore, each Party requires assurances that its rights therein will not be diminished or impaired by virtue of its dealings with the other Party and the provision of Confidential Information to the other Party. In consideration of being made aware of the Confidential Information of the other Party, the Parties therefore agree as follows:

1. "Confidential Information" means any information described above, which is disclosed to the other Party whether in written, oral or other tangible or intangible forms for the Purpose described herein.

2. The Parties shall (i) hold all Confidential Information provided to it by the other Party in confidence, exercising the same degree of care the receiving Party normally accords to its own Confidential Information, but in no event less than reasonable care; (ii) use such Confidential Information only for the Purpose; (iii) reproduce such Confidential Information only to the extent necessary for such Purpose; (iv) restrict disclosure of such Confidential Information to its employees, agents, consultants, representatives and attorneys with a reasonable need to know and who are involved with the analysis of the Purpose (and advise such employees, agents, consultants, representatives and attorneys of the obligations assumed hereunder); and (v) provide to the other Party, on request, a list of all employees, agents, consultants, representatives and attorneys who have access to the Confidential Information, or any part of it.

3. Each Party represents and warrants that it (i) will use the Confidential Information for informational and internal use only to help evaluate the Purpose of this Agreement, (ii) will not distribute the Confidential Information to any third-party, including, but not limited to customers, clients, potential investors, sales personnel, affiliates, or other institutions, and (iii) will not use any Confidential Information in any presentation of any kind, including, but not limited to, sales, marketing, investor or other presentations.

4. The foregoing restriction on the use and disclosure of Confidential Information shall not apply to Confidential Information that a Party can show: (a) is independently developed by the Party; (b) at the time of disclosure to the Party was known to the Party free of restrictions; (c) is publicly and openly known and in the public domain or becomes

      publicly and openly known and in the public domain through no fault of the Party; (d) is furnished to a third party by the original disclosing Party without similar restriction on the third party's rights; (e) is lawfully obtained from a third party without restriction and without breach of this Agreement or any other agreement; (f) which both Parties agree in writing is free of the restrictions of this Agreement; or (g) is ordered to be released pursuant to a verifiable regulatory or court order or is required to be delivered as part of a regulatory inspection or examination.  Neither Party shall be liable for the disclosure of any Confidential Information as required by law or in response to a valid order of a court of competent jurisdiction or in response to a valid order, examination, inspection or other request of an authorized government or other regulatory agency or organization, provided the receiving Party shall use commercially reasonable efforts to give notice to allow the disclosing Party to request a protective order or to pursue any other legal remedy.

5.     Each Party agrees that during the term of this Agreement it shall not copy, duplicate, replicate, or reconstruct, for its own purposes, the other Party's Confidential Information.

6.     Neither this Agreement nor the disclosure or receipt of Confidential Information shall constitute or imply any promise or intention to enter into any subsequent agreement or an agreement of any kind, to make any sale or purchase of products or services or to commit to the present or future development or marketing of any product or service or to enter into any transaction by either Party or their affiliated companies.

7.     No license to either Party is either granted or implied under any trademark, patent, copyright, or any other intellectual property right by the disclosure of Confidential Information pursuant hereto.  None of the Confidential Information which may be disclosed by either Party shall constitute any representation, warranty, assurance, guarantee or inducement by one Party to the other of any kind, and, in particular, with respect to accuracy, reliability, completeness, and the non-infringement of trademarks, patents, copyrights, or any other intellectual property rights.

7.     All Confidential Information shall remain the exclusive property of the disclosing Party and nothing in this Agreement shall restrict a disclosing Party from using, disclosing or disseminating its own Confidential Information. No right, title or interest in the Confidential Information shall be conveyed by release of such Confidential Information.

8.     Each Party agrees to notify the other Party if it becomes aware of any use of the Confidential Information that is not authorized by this Agreement.

9.     Each Party agrees to return or destroy such Confidential Information immediately upon request of the other Party; provided, however, that in the event a Party is required to maintain certain Confidential Information on file pursuant to any applicable laws or regulatory recordkeeping requirements, such Party may keep such Confidential Information pursuant to the terms and provisions of this Agreement for the period required by any such applicable law or regulatory recordkeeping requirement.

10. Each Party acknowledges that, in the event of a breach of this Agreement by such Party or any of its employees, agents, consultants, representatives and attorneys, the other Party will likely suffer irreparable damage that cannot be fully remedied by monetary damages. Each Party therefore agrees that the other Party shall be entitled to seek and obtain injunctive relief against any such breach.  Such Party's rights under this Paragraph shall not in any way be construed to limit or restrict its rights to seek or obtain other damages or relief available under this Agreement or applicable law.

11. The term of this Agreement shall continue in effect until such time as the Confidential Information no longer continues to be confidential or material, non-public information.

12. The waiver by one Party of any breach of any provision of this Agreement or the failure by one Party at any time to enforce any right or remedy available to it under this Agreement, with respect to any breach or failure by the other Party, shall not be construed to be a waiver of such right or remedy with respect to any other prior, concurrent or subsequent breach or failure.  No waiver shall be effective unless made in writing.

13. Each notice, request, demand, approval or other communication which may be or is required to be given under this Agreement shall be in writing in English and shall be deemed to have been properly given when delivered personally at the address set forth below for the intended Party during normal business hours at such address, when sent by facsimile transmission to the respective facsimile transmission numbers of the parties set forth below, or when sent by recognized overnight courier service or by United States registered or certified mail, return receipt requested, postage prepaid, addressed as follows:

    If to Client:

        Camac Partners, LLC
        350 Park Avenue, 13th Floor
        New York, NY 10022
        Attn: Eric Shahinian

    If to  ILKB, LLC  :    1844 Lansdowne Avenue
        Merrick, NY 11566
        Attn: John Cornell
        Chief Financial Office

14. This Agreement embodies the entire agreement and understanding of the Parties hereto and supersedes any and all prior agreements, arrangements and understandings relating to the matters provided for herein.  No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each Party and may be modified or waived only by a separate letter executed by the Parties expressly so modifying or waiving such Agreement.  For the convenience of the Parties, any number of counterparts of this Agreement may be executed by the Parties hereto, and each such counterpart shall be,

and shall be deemed, an original instrument, but all such counterparts taken together shall constitute one and the same Agreement.  This Agreement may be executed by facsimile or electronic signatures.

15. The validity and interpretation of this Agreement shall be governed by, an construed and enforced in accordance with, the laws of the State of New York applicable to agreements made and to be fully performed therein.  Should any dispute arise in the administration of this Agreement, the dispute shall be adjudicated in the state or federal courts located in New York, New York, which shall have the exclusive jurisdiction of all matters related to this Agreement.  If it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that any term or provision hereof is invalid or unenforceable, (i) the remaining terms and provisions hereof shall be unimpaired and shall remain in full force and effect; and (ii) the invalid or unenforceable provision or term shall be replaced by a term or provision that is valid and enforceable that comes closest to expressing the intention of such invalid or unenforceable term or provision.

[SIGNATURE PAGE FOLLOWS]

- 5 -

IN WITNESS WHEREOF, the Parties have executed this Agreement in duplicate on the respective dates entered below.

| Camac Partners LLC | ILKB, LLC Agent |
|---|---|
| By: _[signature]_____ <br> Authorized Signature | By: /s/Jeffrey R. Manning, NDA Agent ILKB, LLC/ <br> _____ <br> Authorized Signature |
| Managing Member of GP <br> Title | Managing Director <br> Title |
| Date: 1-22-20 | Date: 1/22/2020 |

- 5 -